

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**
**Aug 27, 2025**
**10:49 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| Rickey Richardson | Docket No. 2024-20-7977 |
| v. | State File No. 27944-2020 |
| The Mapes Piano String Company, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

---

### Affirmed and Certified as Final

---

In this compensation appeal, the employee asserts he has been treated unfairly in the dismissal of his claim and maintains he should be able to proceed with his case despite a prior order of dismissal entered three years before his current petition was filed. Having carefully reviewed the record, we affirm the trial court's dismissal of the employee's petition for benefits on the grounds of res judicata, and we certify the trial court's order as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Rickey Richardson, Elizabethton, Tennessee, employee-appellant, pro se

Bradley E. Griffith, Johnson City, Tennessee, for the employer-appellee, The Mapes Piano String Company

### Memorandum Opinion[1]

Rickey Richardson ("Employee") worked for The Mapes Piano String Company ("Employer") when he was injured on April 13, 2020. He filed a Petition for Benefit Determination ("PBD") on August 6, 2021, on which he indicated that he had "started a machine; it surged forward, catching his leg and dragging him down to the concrete." Employer initially accepted the claim as compensable and provided some workers'

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

1

compensation benefits. However, after Employee refused to attend a medical examination requested by Employer, it suspended his benefits, prompting Employee to file the August 2021 PBD.[2]

On August 23, 2022, Employer filed a motion to compel Employee to attend the medical examination it had requested, and the trial court granted the motion. Employee once again did not appear for the appointment. On October 5, 2022, Employer filed a motion to dismiss Employee's claim based on his failure to comply with the trial court's order. Employee did not respond to the motion, and the court granted it and entered an order dismissing Employee's claim with prejudice. The court observed that Employee had offered no excuse for his failure to attend the appointment. On October 18, 2022, Employee filed a motion to set aside the order of dismissal and allow him to "have another chance" to attend the examination. The court denied that motion on November 29, 2022.

On January 30, 2023, Employee attempted to appeal that order and again requested another opportunity to attend the examination. However, the notice of appeal was not timely filed, and the appeal was dismissed on February 2, 2023. Employee also attempted to appeal the dismissal of his case to the Tennessee Supreme Court on March 22, 2023, but the Court dismissed that appeal as untimely.

Over two years after the dismissal of his case, on December 2, 2024, Employee filed a second PBD, alleging the same injuries to the same body parts occurring in the same accident on the same day as those alleged in his 2021 PBD. In the space for Employee to indicate the relief he is requesting, he wrote:

> Getting medical [illegible] settlement, asked for 10 million dollars from recent statement sent, damages done to my shoulder, lumbar, ribs, right leg and foot.

Employee also described various symptoms he claimed to be experiencing as a result of the work accident. Employee filed a request for expedited hearing on January 23, 2025, and on January 28, 2025, a DCN was issued indicating "the case has been dismissed with prejudice." On March 26, 2025, Employer filed a motion to dismiss and for sanctions. On May 12, 2025, the trial court dismissed Employee's December 2024 PBD on the basis of res judicata. Employee filed a notice of appeal on May 15, 2025, stating:

> Worked for [Employer] 38+ years[.] I don't believe this has been hand[l]ed right. They know why, Mapes, I was treated unfair. I'm asking 10 million dollars in this case. I'm asking for [two individuals] to be question[ed].

---

[2] Employer had scheduled an appointment with Dr. Thomas Whitman on four separate occasions and had informed Employee of the date and time of each appointment. Employee did not appear for any of the appointments, and Employer suspended his benefits pursuant to Tennessee Code Annotated section 50-6-204(d)(7).

Since the filing of his notice of appeal, Employee has offered no other argument or explanation as to why his case should not have been dismissed, and he has not filed a brief. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

This case was dismissed on the basis of res judicata. As we have previously observed,

> "The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). Courts rely on this doctrine to "promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id.* The doctrine is grounded in "public policy which requires an eventual end to litigation." *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976). Indeed, the doctrine has been described as a "rule of rest." *Id.*

*Johnson v. Pilgrim's Pride, Inc.*, No. 2015-01-0273, 2017 TN Wrk. Comp. App. Bd. LEXIS 18, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2017).

Here, Employee is attempting to bring the same claim that was previously dismissed with prejudice in October 2022. He suggests that he has been treated unfairly and is entitled to a substantial monetary award but offers no factual or legal support for such statements. He has presented no legal argument to explain how his second PBD is not barred by the doctrine of res judicata. In short, Employee had an opportunity during the original litigation to have his case heard, but he failed to comply with court orders and failed to act timely to preserve his legal rights.[3]

For the foregoing reasons, we affirm the decision of the trial court dismissing Employee's second PBD on the basis of res judicata. We certify the trial court's order as final. Costs on appeal have been waived.

---

[3] In its brief on appeal, Employer moved to dismiss Employee's appeal due to his failure to file a brief. As we have noted previously, however, the filing of a brief, though highly recommended, is permissive, not mandatory. *See, e.g.*, *Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *6 n.4 (Tenn. Workers' Comp. App. Bd. June 22, 2021). Therefore, the appellant's failure to file a brief is not a sufficient basis to dismiss his appeal. The motion to dismiss the appeal is denied.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

Rickey Richardson

v.

The Mapes Piano String Company, et al.

Docket No. 2024-20-7977

State File No. 27944-2020

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of August, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Rickey Richardson | X | X | | | 103 Laura Bowers Rd. Elizabethton, TN, 37643 |
| Bradley E. Griffith | | | | X | brad@griffithmcdaniel.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov